**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BERNARDO DIAZ** | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. 5:15-cv-383** |
| **VS.** | § | |
| | § | **JURY DEMANDED** |
| **WELLINGTON INSURANCE COMPANY** | § | |
| **Defendant** | § | |

**INTERVENOR COMPANION PROPERTY & CASUALTY
INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant/Intervenor Companion Property & Casualty Insurance Company ("Companion") in Cause No. 2015CI01849, pending in the 407th Judicial District Court, Bexar County, Texas, files this Notice of Removal from that court to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows the following:

**I.
FACTUAL BACKGROUND**

1.1     On or about February 4, 2015, Plaintiff Bernardo Diaz filed Plaintiff's Original Petition in the matter styled *Bernardo Diaz v. Wellington Insurance Company,* Cause No. 2015CI01849, pending in in the 407th Judicial District Court, Bexar County, Texas, in which Plaintiff made a claim for damages to their home under a homeowner's insurance policy. Although Plaintiff named Wellington Insurance Company ("Wellington") as the insurance carrier and sole Defendant, Wellington did not issue the Plaintiff's policy and has no relationship to Plaintiff's claims.  Rather, Companion Property & Casualty Insurance Company, a foreign entity with its principal place of business in South Carolina, issued Plaintiff's policy.

1.2     Plaintiffs served Defendant Wellington with their Original Petition and process on April 17, 2015.

1.3     Defendant Wellington filed a Verified Denial on May 11, 2015, stating that it did not issue Plaintiff's homeowner's insurance policy.

1.4     On May 11, 2015, Companion filed an intervention in Cause No. 2015CI01849, pending in in the 407th Judicial District Court, Bexar County, Texas, on the basis that it, and not Wellington, issued Plaintiff's homeowner's insurance policy.

1.5     Simultaneously with filing of this Notice of Removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Bexar County District Clerk's file for this case is attached as Exhibit "B," which includes true and correct copies of all executed process, pleadings and orders.  Attached hereto as Exhibit "C" is the Designation of Counsel. Attached hereto as Exhibit "D" is Defendant Wellington Insurance Company's Consent to Removal.  Attached hereto as Exhibit "E" is a copy of the Declarations Page from Plaintiff's insurance policy, issued by Companion Property & Casualty Insurance Company.  Attached hereto as Exhibit "F" is a copy of Companion's Petition in Intervention.  Also attached is the Affidavit of Clifford Nkeyasen.k

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.2     Plaintiff is and was at the time the lawsuit was filed, a resident of the State of Texas.  *See* Plaintiff's Original Petition, at 1.

2.3     Defendant/Intervenor Companion is incorporated, and has its principal place of business, in South Carolina.  Accordingly, Companion is a citizen of the State of South Carolina.

2.4     Defendant Wellington, although not a proper party to this lawsuit, is a citizen of the State of Texas.

### A. Defendant Wellington Insurance Company Has Been Improperly and/or Fraudulently Joined in this Lawsuit.

2.5     With respect to the claims against Wellington, it is Companion's position that Wellington has been fraudulently and/or improperly joined in this action.

2.6     Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Central R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2003). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim or by using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *Smallwood*, 385 F.3d at 573; *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at * 1 (S.D. Tex. Oct. 27, 2009).

2.7     Here, there is no possibility of recovery by Plaintiff against Wellington. All of Plaintiff's claims depend on Wellington having issued Plaintiff's homeowner's policy. *See* Plaintiff's Original Petition, at pages 2–11. Because Wellington did not issue Plaintiff's policy, and in fact had no involvement with Plaintiff whatsoever, Plaintiff has no possibility of recovery as a matter of law. *See* Exhibit B, Wellington's Verified Denial; Exhibit E, Plaintiff's Policy

Declarations Page; *see also Goode v. Nationwide Mutual Ins. Co.*, 1997 WL 75237, at *1-3 (N.D. Tex. 1997) (dismissing a case after the plaintiff named the wrong insurance company).

      2.8    Plaintiff's claims include breach of contract, violations of Sections 541 and 542 of the Texas Insurance Code, violations of the DTPA, unfair insurance practices, and breach of the duty of good faith and fair dealing.  *See* Plaintiffs' Original Petition, at pages 6–11.  Each of these claims is premised on the allegation that Defendant Wellington was Plaintiff's insurer and issued his homeowner's policy.  Because Wellington did not issue this policy, had no involvement in Plaintiff's claim, and had no relationship whatsoever with Plaintiff, there is no possibility of recovery by Plaintiff against Defendant Wellington.  *See* Exhibit B, Wellington's Verified Denial.

      2.9    Further, Plaintiff failed to offer any specific facts in support of their claims against Defendant Wellington and therefore fails to make the required "factual fit between [his] allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir, 1999).  Indeed, Plaintiff's claims are nothing more than bare-bone form allegations devoid of any substantive facts.  For example, Plaintiffs DTPA and Insurance Code claims are nothing more than a parroting of the relevant statutes devoid of any specific facts.  Plaintiff's Original Petition, at pages 6-10.  Further, Plaintiff neither describes what specific fact or policy provision was misrepresented nor who specifically made the alleged misrepresentation.  *See id.* at *passim.*

      2.10    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply.  To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of Defendant Wellington constitutes a failure to state a claim and results in fraudulent joinder of that party.  *See, e.g. Lakewood Chiropractic Clinis,* 2009 WL 3602043, at

*3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. Mat 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex v. GuideOne Mut. Ins. Co.,* NO 1:08-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).  Accordingly, Defendant Wellington has been improperly joined in this lawsuit.

2.11    Because Companion Property & Casualty Insurance Company, a foreign defendant, is the only proper defendant in this action, there is complete diversity.  As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

2.12    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000).  Generally, an amount in

controversy for the purposes of establishing federal jurisdiction is determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.13    Here, Plaintiff's claims are centered on the alleged failure to pay the full proceeds of Plaintiff's policy necessary to make repairs to Plaintiff's dwelling.   Plaintiff's Original Petition alleges various causes of action for actual damages, statutory penalties, treble damages, and attorney's fees. *See* Plaintiff's Original Petition, at pages 10–12.   Plaintiff's Original Petition specifically requests monetary relief of more than $100,000 but no more than $200,000, obviously exceeding the minimum amount in controversy amount of $75,000. *See id.* at page 11.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Intervenor Companion files this notice of removal within the 30 days of the filing of its plea in intervention as required by law. *See FDIC v. Brooks*, 652 F. Supp. 744, 745 (N.D. Tex. 1985)

3.2    Defendant Wellington has consented to removal. *See* Exhibit "D". Regardless, consent is not required because Defendant Wellington has been fraudulently and/or improperly joined solely to defeat diversity jurisdiction. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

3.3    Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.4    Pursuant to 28 U.S.C. § 1446(d), promptly after Companion files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bexar County District Court, promptly after Companion files this Notice.

**IV**.
**CONCLUSION**

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant/Intervenor Companion hereby removes this case to this Court for trial and determination.

Respectfully submitted,

CURNEY, FARMER,
  HOUSE & OSUNA, P.C.
411 Heimer Road
San Antonio, Texas  78232-4854
Telephone:   (210) 377-1990
Facsimile:   (210) 377-1065
Email:       wdfarmer@cfholaw.com
Email:       cschreiber@cfholaw.com


_/s/ Wm. David Farmer_ _____
**Wm. David Farmer**
State Bar No. 06826470
*Attorneys for Intervenor/Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify pursuant to Rule 5(b) of the Federal Rules of Civil Procedure that on the 11th day of May, 2015, I electronically filed the foregoing and have served such filing, along with all exhibits and attachments, on the following via the method indicated:

*Via E-mail:*
*serveone@ANGlawfirm.com*
Wes Holland
William N. Allan, IV
Allan, Nava, Glander & Holland, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas  78216
Telephone:      (210) 305-4220
Facsimile:      (210) 305-4219
Allan Bar No. 24012204
Holland Bar No. 24007379
*Attorneys for Plaintiff*

*/s/ Wm. David Farmer*
**Wm. David Farmer**