UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BERNARDO DIAZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIV. ACTION NO. 5:15-cv-00383-RP |
| | § | |
| WELLINGTON INSURANCE COMPANY, | § | |
|     Defendant. | § | |

### PLAINTIFF'S MOTION TO REMAND

Plaintiff Bernardo Diaz files this Motion to Remand pursuant to 28 U.S.C. § 1447(c), respectfully requesting that the Court remand this case to the 407th Judicial District Court of Bexar County, Texas on grounds of procedural defect and lack of subject matter jurisdiction, and in support would show the Court as follows:

**I.    INTRODUCTION**

Diaz filed this case in state court to assert state causes of action related to an insurance claim for storm-related damages to his home located in San Antonio, Texas. On February 4, 2015, Diaz filed his Original Petition in state court, alleging various claims against Wellington Insurance Company ("Wellington"). (*See* Exhibit A). Diaz brought suit against Wellington because its agents investigated and denied his insurance claim.[1] Wellington received service of process on April 17, 2015, and Wellington filed its Original Answer in state court on May 11, 2015. None of the allegations or causes of action in Diaz's Original Petition concern Companion Property & Casualty Insurance Company ("CPCIC"). Nor was CPCIC served with citation to appear in this case.

Nevertheless, on May 11, 2015, CPCIC filed its Petition in Intervention in state court to assert that Diaz cannot sue Wellington and should have sued CPCIC instead. That same day,

---

[1] Attached as Exhibit B is a true and correct copy of the letter that Diaz received from Wellington explaining the results of its investigation and reasons for denying his claim.

CPCIC filed its Notice of Removal with this Court. However, CPCIC has yet to file its Notice of Removal with the state court, and Diaz has yet to receive proper service of CPCIC's Notice of Removal.[2] These deficiencies alone call into doubt the propriety of CPCIC's removal of this case to confer this Court with jurisdiction or to start the 30-day period for Diaz to file a motion to remand. Regardless, CPCIC had no right to remove this case based on its own intervention, and the Court cannot substitute CPCIC for Wellington to create removal jurisdiction based on diversity. As a result, the removal is procedurally defective and requires a remand. For these reasons, Diaz's Motion to Remand should be granted.

## II.     ARGUMENT AND AUTHORITIES

### A.     CPCIC Had No Right to Remove this Case Based on Its Own Intervention

As a general rule, claims introduced into an action by intervention do not afford a basis for removal. *McKinney Econ. Dev. Corp. v. McKinney Shores Props.*, No. 4:09cv284, 2010 WL 3855553, at *2, *4 (E.D. Tex. Aug. 27, 2010); *Murphy v. Joshua Fin. Servs., Inc.*, No. 3:06-CV-1253-K, 2006 WL 3299999, at *1 (N.D. Tex. Oct. 24, 2006). The right to remove is limited to defendants "on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them." *City of San Antonio v. NRG Energy, Inc.*, No. SA-10-CA-0033-XR, 2010 WL 324542, at *3 (W.D. Tex. Jan. 21, 2010); *see also In re Crystal Power Co., Ltd.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011) (noting that a party intervening in state court to assert rights but having no claims pending against it had no right to remove). The plaintiff's pleadings generally determine the removability of a case. *J. Baxter Brinkman Oil & Gas Corp. v. Thomas*, 682 F. Supp. 898, 900 (N.D. Tex. 1988). When the plaintiff's pleadings set forth a non-

---

[2] Diaz's counsel became aware of the removal due to e-filing notices received from the CM/ECF system regarding other events and documents filed in this action. Out of an abundance of caution, Diaz's counsel downloaded CPCIC's Notice of Removal from the CM/ECF system to ascertain the basis of removal and prepare this motion.

removable case, the case can only become removable "as a result of a voluntary act of the plaintiff." *Id.*; *see also McKinney*, 2010 WL 3855553, at *4–5.

Here, Diaz's Original Petition only alleges claims against Wellington under Texas state law. (*See* Exhibit A). No allegations in the petition show that diversity of citizenship exists between Diaz and Wellington. Indeed, CPCIC's Notice of Removal—which Wellington consented to—admits that Wellington is a citizen of Texas. (*See* D..E. 1, at ¶ 2.4). A civil action may not be removed if any defendant is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b)(2). Thus, Diaz's pleading sets forth a non-removable case against Wellington. Accordingly, CPCIC cannot voluntarily inject itself in the state court proceedings and remove this case based on its own intervention. CPCIC is not a defendant within the meaning of the removal statute because no claims have been brought against it. Additionally, neither Wellington's answer nor CPCIC's Petition in Intervention can allege a defense to create a basis for removability. Moreover, neither Wellington's answer nor CPCIC's intervention was a voluntary act of Diaz.

CPCIC cites to *FDIC v. Brooks*, 652 F. Supp. 744 (N.D. Tex. 1985), to assert that it timely removed this case based on its intervention. (*See* D.E. 1, at ¶ 3.1). However, CPCIC's reliance on *Brooks* is misplaced. In *Brooks*, the FDIC was acting as the receiver for a national bank that the plaintiff had sued in state court. The court referenced a different federal statute—28 U.S.C. § 1819—as authorizing the FDIC to intervene, become a party, and remove any case to federal court in which it was involved as the receiver of a national bank. In stark contrast, CPCIC is not the FDIC, Wellington is not a national bank, and CPCIC is not acting as the receiver for Wellington. Thus, *Brooks* is distinguishable, inapposite, and offers no support for CPCIC's removal in this case. Therefore, the removal is procedurally defective because CPCIC had no right to remove this case based on its own intervention.

### B. The Court Cannot Substitute CPCIC for Wellington to Create Removal Jurisdiction Based on Diversity

Where a plaintiff alleges claims against a single defendant, the improper joinder doctrine does not apply and a district court cannot create removal jurisdiction by substituting another defendant as the purported real party in interest. *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 573–75 (5th Cir. 2006). In *Salazar*, the plaintiff sued the non-diverse insurer that processed his insurance claim in state court on various state claims but did not sue the diverse insurer that had underwritten the plaintiff's insurance policy. *Id.* at 572. The non-diverse insurer removed the case to federal court and filed motions to join the diverse insurer as the "proper defendant" and dismiss the non-diverse insurer as improperly joined. *Id.* The district court denied the plaintiff's motion to remand and granted the motions to add the diverse insurer and dismiss the non-diverse insurer. *Id.* The Fifth Circuit reversed, holding that the district court abused its discretion, lacked jurisdiction and had no authority to dismiss the non-diverse insurer, and should have granted the plaintiff's motion to remand. *Id.* at 575. The court reasoned that no federal rule or the improper joinder doctrine authorized the substitution of parties to create diversity jurisdiction. *Id.* at 573–75.

The circumstances in this case are analogous to *Salazar*. Here, Diaz has not asserted any claims against CPCIC—the diverse insurer—and only brought state claims against Wellington—the non-diverse insurer—in state court. (*See* Exhibit A). Thus, like *Salazar*, this is a single defendant case not subject to the improper joinder doctrine. Additionally, CPCIC attempts to misuse procedural rules to achieve the same improper result as in *Salazar*—have the Court substitute it as the "proper defendant" and dismiss Wellington as improperly joined. As explained in *Salazar*, however, it would be an abuse of discretion for the Court to rule in CPCIC's favor and deny Diaz's motion to remand. Therefore, the removal is procedurally defective because the Court cannot substitute CPCIC for Wellington to create removal jurisdiction based on diversity.

## III. CONCLUSION

For the reasons above, Diaz respectfully requests that the Court grant this motion and remand this case to the 407th Judicial District Court of Bexar County, Texas on grounds of procedural defect and lack of subject matter jurisdiction.

                                          Respectfully submitted,

**ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Telecopier: (210) 305-4219
serveone@anglawfirm.com
wholland@anglawfirm.com

By: _____
WILLIAM N. ALLAN, IV
State Bar No. 24012204
WES HOLLAND
State Bar No. 24007379
**ATTORNEYS FOR PLAINTIFF,
BERNARDO DIAZ**

### CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule CV-7, counsel for Plaintiff conferred with counsel for Wellington and CPCIC in a good-faith attempt to resolve this matter by agreement. Wellington and CPCIC's counsel indicated that they oppose this motion and the relief requested in this motion. Therefore, this motion is filed as opposed.

_____
WILLIAM N. ALLAN, IV

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 10, 2015, the foregoing was electronically filed with the Clerk of Court and served on Defendants' counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

William David Farmer
Curney, Farmer, House & Osuna, P.C.
411 Heimer Road
San Antonio, Texas 78232
Telephone: (210) 377-1990
Facsimile: (210) 377-1065
wdfarmer@cfholaw.com

_____
WILLIAM N. ALLAN, IV

Files:Active:46000.0044 - Diaz, Bernardo v Wellington:Motions:Plantiff:Motion to Remand.docx