IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BERNARDO DIAZ § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 5:15-CV-383-RP |
| § | | |
| WELLINGTON INSURANCE COMPANY § | | |
| § | | |
| Defendant. § | | |

## OPINION AND ORDER

Before the Court are Plaintiff's Opposed Motion to Remand (Docket # 4) and the responsive pleadings thereto. After reviewing the parties' pleadings, relevant case law, and the case file, the Court issues the following order.

## BACKGROUND

Plaintiff Bernardo Diaz filed his Original Petition in the 407th Judicial District Court, Bexar County, Texas, on February 4, 2015. The Petition named Wellington Insurance Company as the sole defendant, alleging that Wellington sold and maintained plaintiff's homeowner's Insurance policy and failed to inspect, properly qualify, or repair covered storm damage to Plaintiff's home.

On May 11, 2015, Companion Property & Casualty Insurance Company ("Companion") intervened in the state court case on the basis that it, and not Wellington Insurance Company, issued Plaintiff's homeowner's insurance policy. That same day, Companion filed a notice of removal by 28 U.S.C. §§ 1441 & 1446.

Plaintiff moved to remand on the basis that Companion could not remove based on its own intervention and that Companion has not shown the requisite diversity for federal jurisdiction in this case.

**STANDARD OF REVIEW**

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal district court possesses original jurisdiction if the parties could have initially filed in federal court pursuant to 28 U.S.C. §§ 1331 – 1334.  Defendant/Intervenor Companion removed this Action to federal court based on 28 U.S.C. § 1332(a)(1), which predicates federal jurisdiction on diversity of the parties and a minimum amount in controversy. When, as in this case, subject matter jurisdiction is based on diversity of citizenship, a defendant may not remove a civil action from state court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2).

The burden to show removal is proper is on the movant. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction is present for removal, the Court must consider the claims in plaintiffs' original petitions "as they existed at the time of removal." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Id.*

**ANALYSIS**

Statutory removal requires original jurisdiction over the civil action. Companion argues that there is original federal jurisdiction in this case pursuant to 28 U.S.C. § 1332(a)(1), which grants the district courts jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000" and "is between citizens of different states." For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d

1077, 1079 (5th Cir. 2008). Because both Plaintiff and Defendant Wellington Insurance are Texas citizens, there is no such "complete diversity" in this action. Even if there *were* complete diversity, a defendant may not remove a civil action from state court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2). Thus the fact that Wellington is a Texas citizen generally would foreclose Companion's ability to remove based on federal diversity jurisdiction.

Companion argues that despite Wellington Insurance's Texas citizenship it may seek removal based on diversity because Wellington Insurance was improperly named, and thus its citizenship should not count in the diversity equation. "A party seeking removal where a non-diverse defendant is a party to the suit may nevertheless establish that federal jurisdiction exists and that removal was proper by proving the non-diverse defendant was improperly joined." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F. 3d 568, 574 (5th Cir. 2004) (en banc). In order to establish improper joinder, a party must demonstrate (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).

Fifth Circuit precedent is quite clear, however, that fraudulent joinder does not apply to this case. Diaz "did not sue even one diverse defendant." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 n.3 (5th Cir. 2014). Fraudulent joinder analysis is "inapplicable where plaintiff sued only a non-diverse defendant, because the plaintiff was not attempting to force any diverse defendants to remain in state court." *De Jongh*, 555 Fed. Appx at 437 n.3. Companion's claims that Plaintiff's suit against Wellington Insurance are unfounded are not enough to omit Wellington's citizenship from the diversity analysis: "a meritless claim against an in-state defendant is not the equivalent of improper joinder." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F. 3d 278, 284 (5th Cir. 2007).

Accordingly, Wellington Insurance was not "improperly joined" for purposes of excluding their citizenship from the diversity analysis. Wellington Insurance, a Texas Company, remains a named defendant and this Court lacks subject matter jurisdiction to hear the action.

## **CONCLUSION**

Plaintiff's Motion to Remand (Clerk's Dkt. # 4) is hereby GRANTED. The case is hereby REMANDED to the 407th Judicial District Court of Bexar County, Texas. The Clerk of this Court shall mail a certified copy of this Order to the District Clerk of Bexar County, Texas, for entry in Cause No. 2015CI01849.

SIGNED on October 14, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE